Filed 06/23/23  P. v. Garcia CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GILBERT GARCIA,<br><br>    Defendant and Appellant. | G062038<br><br>(Super. Ct. No. 01HF1398)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Michael Cassidy, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

Defendant Gilbert Garcia was convicted of murder and attempted murder. Garcia later filed a Penal Code section 1170.95 petition to dismiss his convictions and to be resentenced (now Pen. Code, § 1172.6).[1] The trial court denied the petition at the prima facie stage. Based on the court's instructions and the jury's verdicts, the court found Garcia to be the actual killer. As to the attempted murder, the court found the jury was not instructed as to the natural and probable consequences doctrine.

Garcia filed a notice of appeal. Garcia's appointed appellate counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Garcia did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no arguable issues. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 230 ["if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice"].) Thus, we affirm the order of the trial court.

I

PROCEDURAL HISTORY

In December 2003, a jury convicted Garcia of a special circumstance murder, an attempted murder, and found true related sentencing enhancements. The jury recommended a sentence of life without the possibility of parole rather than the death penalty. This court affirmed the judgment on direct appeal. (*People v. Garcia* (2005) 134 Cal.App.4th 521.)

In June 2022, Garcia filed a postjudgment petition seeking to vacate his convictions and to be resentenced. (§ 1172.6.) The prosecution filed a response, which included a copy of the jury instructions used at trial, a copy of the verdict forms, and the

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 to section 1172.6 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

underlying published opinion.

In November 2022, the trial court conducted a prima facie hearing and denied Garcia's petition: "In reviewing the jury instructions and the verdict forms, I believe the only way that Mr. Garcia could have been convicted of murder was if he was the actual killer, so I believe the jury found he was the actual killer. So as to Count 1, there's no prima facie showing that he's entitled to relief. [¶] As to Count 2, there was no instruction as to natural and probable consequences, so I find he's ineligible for resentencing as to that count also." Garcia filed a notice of appeal.

Garcia's appointed appellate counsel filed an opening brief raising no arguable issues. Garcia did not file a supplemental brief on his own behalf.

II

DISCUSSION

When appointed counsel has identified no arguable issues on appeal, the appellate court independently reviews the record for any arguable issues. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, we have similarly found no arguable issues. The absence of a jury instruction on the natural and probable consequences doctrine as to the attempted murder count, as well as the jury's true finding on the personal use of a firearm allegation as to the murder count confirms Garcia is ineligible for relief under section 1172.6 as a matter of law. Thus, the trial court properly denied the petition at the prima facie stage. (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-972.)

3

## III

## DISPOSITION

The order is affirmed.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

GOETHALS, J.